and good morning your honors may please the court Devin Burstein on behalf of miss Velazquez your honors there is no and there should be no fourth amendment free zone at this country's borders the border search exception therefore should be interpreted and should be understood limited and tailored by its historical purpose and that is to prevent people and contraband from illegally entering the country here the celebrite phone search did not fall within that purpose before we even get into that yes just ask you shouldn't the evidence here be admitted under the independent source doctrine no your honor tell me why not so it's important to understand when we're going to talk about the independent source doctrine what actually begin with what happened below so the government if we look at er page 147 let me ask you some questions and maybe we can get to right to it wasn't there later probable cause when the government obtained I think the warrant to search all three phones there was a finding of probable cause that's how they I mean because she crossed with 14 pounds of drugs correct contraband and then she had three cell phones I guess in her car right your honor and so there was a later search warrant correct so why why wouldn't that satisfy prong one of the independent source doctor okay because under Murray the Supreme Court's decision and then under this court's Hill and the quote is where the district court essentially did not explicitly find that the agents would have sought a warrant if they had not earlier conducted the unlawful search then the requisite course is to vacate the judgment and remand to the district court for a determination whether the warrant authorized search was truly an independent source of the challenged evidence in other words we don't know because the record is unclear I know so I mean the district court never reached this but it wouldn't it reach I mean it got sent back wouldn't the district court reach this to determine that yes your honor and I think that's exactly what Hill did this court's decision in Hill would it would remand the case for a finding as to whether or not because in and I'm just trying to figure out under the facts that we know in the record what why wouldn't there be a probable cause determination it's not probable cause your honor that's the wrong stand analysis what is the standard the standard in independent source is whether the agents would have sought the warrant whether it's truly independent in other words if the agent probably causing to get a warrant though you need probable cause but that's not you don't survive under the independent source with just probable cause let me understand but you need there needs to be a finding that the officers you know sought that without having seen any presumably tainting correct I understand that evidence from the initial search of the phone that the day that miss Velasquez was arrested correct correct that determination wasn't made correct but likely could be made that determination should be made at some time and it's a simple process we get the agent onto the stand and we the with its direct and the agent will presumably say in all candor either yes or no I would or would not have sought the warrant and then the defense lawyer will cross-examine depending on what that answer is if the agent candidly gets up and say look your honor I think this was an open-and-shut case she's the sole driver it's her car she's got drugs I didn't need a warrant for the cell phone we had everything we needed I wouldn't have gotten a warrant or the agent could have said she's the sole driver there's drugs there's three cell phones we would have gotten a warrant you're right because they ended up getting a warrant they could have said that yeah that we don't know right and that's exactly the problem therein lies the problem that's why I can't that's why the government can't rely on independent source because this court has said well it could still yes that's a great okay a hundred percent agreed so Hill let me just quote from Hill and I think it answers the question affirmatively exactly what your honor is saying or I don't have to I mean I think we're in agreement that if this court remands for a finding on independent source we would have a brief hearing on independent source and I think that's an entirely appropriate course here because it wasn't fleshed out below let me ask you if I can about Riley yes you you you press Riley quite a bit here and I wanted to ask you does it Riley explicitly leave open that cell phones may be searched in the context of other exceptions including accident circumstances Riley focus it yes yes okay so does it then by illusion then also leave open that cell phones can still be searched at the border subject to the border section absolutely okay we're not asking this court to be frankly clear and any more clear if I can we're not asking this court to overrule its border search jurisprudence in fact we think Cotterman was prescient in many many ways what we're saying is that this is not a border search because it doesn't fit the border search purpose any exception to the Fourth Amendment must rise and fall on its purpose an exception can't be divorced an exception to a fundamental right can't be divorced from its purpose this case we press Riley not because we're claiming Riley overrules Cotterman to the contrary our argument is that this is not a border search under the border search doctrine and therefore Riley applies but isn't the evidence which was got from the cell phone helpful in prosecuting the prevention of border search no the prevention of introduction of drugs is not a purpose no the the prevention of the your honor's last statement is a hundred percent correct the purpose is to prevent introduction of drugs and this is a circumstantial evidence to convict somebody who is bringing drugs into the country over the border the purpose is the customs-based purpose your honor it's to stop people and and contraband from illegally entering once that has happened once this person's put in jail she'll be crossing the border more seldom right well she that's exactly your honor but your honor that point leads to the leads to actually in our favor because she was arrested and put in jail this is a post arrest post contraband seizure search and more based on the holding of Riley once a cell phone is sequestered there's no danger of the evidence being deleted this is not that tough of a case they could have just gotten a warrant the answer to paraphrase Riley the answer to the question of what federal agents at the border must do after they arrest somebody and after they seize the contraband is simple get a warrant what does Camus say about that Camus is okay and and I agree with the my friends point that Camus addresses inevitable discovery and Camus so the government below relied on inevitable discovery they have now changed courses to rely on independent source Camus I think we both agree would scuttle their inevitable discovery argument in what way well it would hold that the later getting of the search and that's why they have tactically decided to abandon inevitable discovery and I understand that so Camus cuts in our favor on inevitable discovery it's not doesn't speak specifically to independent source although you mentioned Cotterman let's talk about that a little bit yes sir do you think that the two categories established in in Cotterman the cursory search and the forensic search still make sense as the categories to think about regarding cell phone searches post Riley the one word answer is no but the but is I don't think it matters for this case and the reason it's not implicated is we're not asking the court we're just saying this isn't a Cotterman case let me just explain why just to quote agents sees Cotterman's laptop at the US-Mexico border in response to an alert based in part on a 15 year old conviction for child molestation the agents allowed the Cotterman's to leave the border crossing at 6 p.m. but retained Cotterman's laptops and digital camera that's a border search they're searching for contraband not a post arrest search not a search incident to arrest he wasn't arrested there's the contraband was in the computer contraband and that's the same thing inside and that's the government relies heavily on sigh and and they say it's a devastating blow I say it's an encouraging pat on the back and what happens inside just to quote again the agent Westlake then informed side that he was being detained for an administrative proceeding before an immigration judge in other words they searched him before arrest to put him into immigration proceedings to prevent him from entering the country that is a phone searches cursory and forensic be enough no we know that under Riley if it's not a border search it requires a warrant so that the clear answer is no this case can turns I guess why is it reasonable standard though reasonable suspicion the right standard given the competing interests of the privacy and the border because the Supreme Court has said it's not if this is a border right you're talking about in Riley in Riley which wasn't a border search right but if you so okay I think I know where the honor is going so the question is because you're saying look at Riley well we can look at Riley and may have implications here but it's we have competing interest of the border search and the privacy interest has reflected in the Riley Riley decision so it's a great question so let's reconcile those let's talk about and here's the reconciliation it's already been done Cotterman says would say and I think my friend would would concede if this is a border search reasonable suspicion was required they basically say that in their brief and that it was met so Cotterman reconciles that I can't stress it enough if this is a border search under Cotterman reasonable suspicion is required we can argue about whether it was present I'm not going to do that right now unless the court of specific questions if that's one part and I think my friend will agree if it's not a border search if it's not within the purpose and scope if this court finds it's not a proper border search a warrant was required and a search incident to arrest then a warrant was required if it's anything other than a border search it was or an exigent search if it's not a border search and not an accident circumstances search which it's not a warrant was required clearly under Riley so the case turns really on whether I mean leaving to one side briefly that whether there was reasonable suspicion to search this ring tone folder let's just leave that to the side other than that this case turns on whether the court finds this to be a border search or not if it does Cotterman applies if it doesn't Riley apply and it's not a border search because there was no contraband in the phone they weren't searching for contraband objectively they weren't the contraband had been found and she was arrested and the phone had been sequestered it's not just one your honor it's the three factors they are that the objective facts not subjective it's not a Wren this is an objective test thank you your honors I see I'm over my time thank you good morning your honor to may please the court mark ready for the United States I believe my opponent's first sentence is there should be no Fourth Amendment free zone at the border we couldn't agree more and that issue has already been decided in Cotterman this court specifically said or it was sell John which was another en banc case we do not see the borders and anything goes zone instead consistent with Cotterman which was the en banc pronouncement of this court in 2013 the district court here justified this warrantless search of a cell phone because it found reasonable suspicion hold on a second I'm familiar with Cotterman does the rationale of the reason for the border search exception matter I mean hasn't this court in Cotterman stated the border exception is a narrow exception that should be tailored to its rationale it does your honor and I would say that that rationale is still being promoted here I think there's an underlying assumption well because it's not clear from your brief it seems like you contend in your brief that the rationale doesn't matter in determining how to limit of the balance of the border search and I think you know seems like that's different from what you're you're saying here today I think I'm basically I'm arguing both points in the alternative my first point is coming from 1977 the United States Supreme Court in Ramsey which said that searches at the border are simply by virtue of the fact that they occur at the border that would appear to be encompassing this case but then I'm saying on the other hand if you want to talk about the rationale first of all I'm not aware of any authority of this court that has ever read the exception so narrowly is that it's only limited to contraband let's talk about the search in this case miss Velasquez was arrested at around 6 a.m. she was detained and search of her cell phone was not conducted until some six hours later and I guess how at that point you know six hour later six hours later are the purposes of the border search exception of keeping out contraband and the unwanted person meant didn't this search then become a search incident to arrest at that point well to start with the very last phrase we are not standing on search incident to arrest the search incident to arrest has to be temporally and spatially what are you standing on if it's not search incident to arrest I mean what the border search doctor six hours later while she's still at the border correct your well I mean at that point you're still you're looking for corroborating evidence in the phone correct so yes okay so that's for the investigation of her that's not to stop any further you know you're not going to find any drugs in the phone so I guess if we're following trying to reconcile Cotterman at least we are I think our panel it has to consider a Cotterman and then also what the Supreme Court said in Riley which emphasized the exception you know needs to be valid and so I'm just trying to figure out here you you I guess are of the opinion that Riley doesn't matter at the border it doesn't matter but if we were to take my opponents I believe suggestion then the border wouldn't matter at all is that right I mean because he wants to treat this is just like a search incident to arrest irrespective of the fact that the phone is still at the border she's still detained at the well I think though it seems like if she would seen her texting or something going on certainly you'd be able to do it but I'm just I'm trying to figure it out I don't know that I'm certain here how this should be resolved but there are some competing principles here of the border exception and what the court said said in Riley and you know it seems like in Riley the Supreme Court clearly held that physical objects and cell phones are different they seemed very concerned about the amount and type of data that we carry in our cell phones it talks about cell phones representing the pinnacle of privacy interests and then we have the border which is the zenith of you know of protecting you know our borders and so you have these two hyphen entrance that intersect in this case and if Riley required at least a warrant in that case shouldn't that in turn require a high level of suspicion for searching a phone at the border and I would submit yes and I think my opponent said Cotterman was almost prescient of Riley when you read the two opinions side by side they could have been written by the same person Judge McHugh made a very detailed inquiry in Cotterman about every concern your honor just pointed out so you can see that because it sounded in your briefing that you were saying we don't need reasonable suspicion we don't need probable cause we have the border it sounds like today you're saying no according to Cotterman we need at least reasonable suspicion is that correct yes your honor okay I apologize if that was unclear I mean you know you had said something a few minutes ago too I think it's important to keep in mind at the time this phone is searched yes she's been arrested and yes some drugs have been found in her vehicle there are still reasons to search a phone at the border in real time sometimes there's other drugs that the investigators haven't found yet in the vehicle there may be messages about a cohorts coming through with more drugs later so I just want to at least have the point that I think my opponent would have until the purpose but you just had to I just want to be clear and that for searching the phone six hours later was to find evidence that would corroborate the case against miss Velasquez in part without a more evidence of ongoing crime and I would point out in Cotterman that phone was searched five days later a hundred seventy miles removed from the border and the ombud court said that still is a border search but you're looking for the contraband in the computer right but I and I'm saying here of course you can't find drugs in a computer but you could find evidence related to ongoing I would say in the United States versus cell John this court cited a case in 19 with I understand the point that you're making but in light of Riley I'm just asking and I'm not stating I'm just asking isn't there a heightened interest in privacy of cell phones even at the border exactly which is why Cotterman said for a forensic search you need reasonable suspicion and in no time in the history of this country has any court let alone this court held that but in Riley they said you needed a warrant right but Riley wasn't about the border so there has to be so okay you know I understand what your position I think maybe though some people might say you know if it's at the border no suspicion no nothing who cares that's not what we're saying we're taking that intermediate compromise that Cotterman itself you're taking a position that the rationale for the border search is not only to keep out contraband itself and keep out unauthorized person but to keep out drug dealers exactly or evidence related there's a case from 1979 United States versus Grayson it's relied upon in cell John which said they've read somebody's papers in the pocket of a man across the border and they said and this is a page 1227 this is 597 Fed second the customs inspector read the papers to determine if they contraband so if there's murky if you're looking for the purpose that's this court Grayson approved by an ombud court cell John which says it's not the purpose isn't just to find contraband in the object it could be evidence related to contraband and cell John dealt with the physical object not with a cell phone if I recall correctly and the Supreme Court just recently in Riley seems to have taken great pains to distinguish you know physical objects versus cell phones so I'm just trying to see what that means for us here in this case as a result and so I'm curious because this has just raised a lot of questions can agents at the border require you to give them their your passcode so that they can conduct a cursory search on your phone dad I don't know your honor I know that's a different issue under the Fifth Amendment and I'm not as you know aware of the details intricacies of that you don't know or what would you say the level of suspicion is needed to do this if any ask for a password or to do what happened in this case don't ask for a password again I mean I would say it shouldn't be any more than the reasonable suspicion that criminal activities afoot that is the stand the  don't know about the Fifth Amendment issue your honor I apologize for that but and so how about a cursory search because that seems to be also at issue here and whether or not the cell bright investigation that took place was more similar to an agent briefly looking through your phone or more of a forensic examination well the district judge assumed the forensic and I know that from other cases the issue wasn't pro below but some courts have said to the extent the logical extraction of a cell bright I mean in this case the internet history apps were not broached and it took half an hour whereas the forensic examination Cotterman took days in this warranted search here also took more time but I think that shows again to go to the overarching theme we're not asking for anything goes the district court assumed that this was a forensic examination which is the more involved one the district court therefore held I want to see reasonable suspicion and found it that is not and in Cotterman I mean everything that the Supreme Court all the solicitude that the Supreme Court gave cell phones a year later in Riley is president Cotterman where the court said they're qualitatively different and quantitatively different and my point would be if the ombud court in Cotterman after weighing these very weighty but weighty interests the solicitude of the privacy I just said against the government since the border held that at most reasonable suspicion was required it was found here and at the very least was also an argument I want to make sure I preserve there's good faith I mean these officers they're acting it you know Cotterman is an ombud pronouncement from this court and this was at the border this wasn't a search incident to arrest in the interior I just have one more question of judge bail will allow me to ask us because I did ask you what's your position on the independent source doctrine and what's your best argument and does that apply here well we we would submit that it applies our best fact is that you know from the warrant in this case agent got tans warrant zero information from the cell bright search at the border was the search warrant came two and a half months after the event in question it came one week after the case was set for trial in other words after the government knew that this wouldn't be a guilty plea this court is obviously aware of the volume of cases we have at the border the fact that they don't search it right away they want to see if somebody goes to trial and not only that the warrant wasn't just for this phone it was for all the devices in her possession yes the district court didn't squarely reach this below but it's also a principle that this court can reach on any basis having support in the record and here where it's undisputed that the information from the cell bright the day of the border did not make it into the warrant affidavit and also a trial agent guy Tom asked before she testified about the contents of the recording she was asked did you search this device pursuant to a warrant yes what did you find I believe that gives enough information for this court to find on independent source if it doesn't also find under good faith or under the application of the border search principles themselves thank you thank you judge thank you very much this case will be submitted and we thank both counsel for a very interesting good presentation
judges: Bea, Murguia, Keeley